UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYBUSINESSLOAN.COM, LLC, <br><br> Plaintiff, <br><br> v. <br><br> SUNDANCE FENCE & IRON, LLC, a Texas limited liability company, BRETT AVENRIEP, an individual, and CASSANDRA AVENRIEP, an individual, <br><br> Defendants. | Case No. 15-cv-2298-BAS-JLB <br><br> **ORDER:** <br><br> **(1) DISMISSING SUA SPONTE PLAINTIFF'S COMPLAINT FOR LACK OF FEDERAL JURISDICTION; and** <br><br> **(2) TERMINATING AS MOOT MOTION TO DISMISS AND MOTION TO FILE SUR-REPLY [ECF Nos. 8, 12.]** |

**I.   INTRODUCTION**

Plaintiff, MyBusinessLoan.com, LLC, filed this breach of contract action against Sundance Fence and Iron, LLC, and Brett and Cassandra Avenriep. (ECF No. 1.) Diversity jurisdiction is the sole source of federal jurisdiction invoked. (*Id*. ¶ 8.) Plaintiff alleges MyBusinessLoan.com is a limited liability company "organized and existing under the laws of the state of California." (*Id*. ¶2.) Plaintiff further alleges Sundance Fence and Iron is a limited liability company "organized and existing under

the laws of the state of Texas" with its principal office in Texas. (*Id.* ¶ 4.)

Plaintiff does not identify the members of either the Plaintiff or the Defendant LLC, nor does it identify their citizenship. Without such information, the Plaintiff cannot establish diversity jurisdiction. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the Complaint for lack of federal jurisdiction.

## II.   DISCUSSION

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree." *Id.* (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

It is well-established that "a district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments." *United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004). Courts may consider the issue *sua sponte*. *See Demery v. Kupperman*, 735 F.2d 1139, 1149 n.8 (9th Cir. 1984). Indeed, the Supreme Court has emphasized that "district courts have an 'independent obligation to address subject-matter jurisdiction *sua sponte*.'" *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) (quoting *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004)).

In order to invoke this Court's diversity jurisdiction, Plaintiff must demonstrate there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839 (9th Cir. 2002); 28 U.S.C. § 1332. "Diversity is generally determined from the face of the complaint." *Gould v. Mut. Life Ins. Co. of N.Y.*, 372 F.3d 1115, 1117 (9th Cir. 1986) (citation omitted).

Here, Plaintiff has failed to meet its burden of demonstrating there is complete

diversity of citizenship, specifically in regards to either Plaintiff MyBusinessLoan.com, LLC and Defendant Sundance Fence and Iron, LLC. The citizenship of a limited liability company ("LLC") is determined by the citizenship of all of its members. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The Ninth Circuit has held that "[a]n LLC is a citizen of every state of which its owners/members are citizens." *Id*.

Plaintiff's complaint neither identifies the members of MyBusinessLoan.com, LLC or Sundance Fence and Iron, LLC, nor alleges their citizenship. (ECF No. 1.) The complaint simply states that MyBusinessLoan.com is "organized and existing under the laws of the state of California" and that Sundance Fence and Iron, LLC is "organized and existing under the laws of the state of Texas" with its principal office in Texas. (ECF No. 1 ¶¶ 2, 4.) This is insufficient to establish complete diversity. Plaintiff has therefore failed to meet its burden of establishing federal jurisdiction.

### III. CONCLUSION

Plaintiff has failed to demonstrate complete diversity and thus has not established federal jurisdiction. Hence this Court **DISMISSES** the Complaint *sua sponte*. However, since it is possible Plaintiff may be able to establish diversity jurisdiction, the Complaint is **DISMISSED WITHOUT PREJUDICE**. If Plaintiff chooses to file an Amended Complaint, it must do so within 30 days of today's date. Defendants' Motion to Dismiss (ECF No. 8) and Plaintiff's Motion to File a Sur-Reply (ECF No. 12) are both **TERMINATED** as moot.

**IT IS SO ORDERED.**

DATED: February 25, 2016

Hon. Cynthia Bashant
United States District Judge