UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYBUSINESSLOAN.COM, LLC,<br><br>              Plaintiff,<br><br>     v.<br><br>SUNDANCE FENCE & IRON LLC, a Texas limited liability company, BRETT AVENRIEP, an individual, and CASSANDRA AVENRIEP, an individual,<br><br>              Defendants. | Case No. 15-cv-2298-BAS-JLB<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART MOTION FOR ENTRY OF DEFAULT;**<br><br>**(2) GRANTING MOTION TO STRIKE AFFIRMATIVE DEFENSES** |

Plaintiff moves for Entry of Default against Defendants Sundance Fence & Iron LLC and Brett Avenriep (collectively, "Defendants") for their failure to obtain counsel as ordered by the Court.[1]  (ECF No. 32.)  Since Sundance Fence & Iron, LLC, cannot appear in federal court without a lawyer, and has failed to obtain counsel despite repeated orders of the Court, the Motion for Entry of Default against Sundance Fence & Iron, LLC is **GRANTED**.  However, since Mr. Avenriep is an individual and appears to have elected to appear in *pro per*, the Court **DENIES WITHOUT**

---

[1] Defendant Cassandra Avenriep was voluntarily dismissed from this case on March 11, 2016. (ECF No. 15.)

**PREJUDICE** the Motion for Entry of Default with respect to Brett Avenriep. Mr. Avenriep is counseled that his continued failure to appear for court appearances is likely to result in his default as well.

Plaintiffs also move to strike Defendants' affirmative defenses. (ECF No. 31). Defendants have failed to respond to this motion despite the Court's warning that a failure to respond would result in the Court's granting of the Motion. Therefore, the Court **GRANTS** Plaintiff's Motion to Strike Affirmative Defenses.

## I.     STATEMENT OF FACTS

On November 19, 2016 Jennifer Gjesvold filed a *pro hoc vice* application with this Court requesting permission to appear on behalf of Defendants in this case. (ECF No. 19.) The application noted that, in keeping with Local Rule 83.3, San Diego attorney Mark Bagula was designated as local counsel. On that basis, the Court approved the *pro hoc vice* application.

On April 6, 2016, Mark Bagula and his associate Rada Feldman moved to withdraw as local counsel for Defendants. (ECF No. 20.) Plaintiff opposed noting that this would leave Defendants without local counsel. (ECF No. 21.) The Court granted the Motion to withdraw and ordered Defendants to obtain new local counsel within 30 days or face possible default. (ECF No. 25.) Defendants failed to provide notice of local counsel within 30 days, and Defendants moved for entry of default. (ECF No. 32.)

On June 27, 2016 the Court held an Order to Show Cause hearing and ordered that counsel Jennifer Gjesvold should be prepared to show cause why her *pro hoc vice* application should not be withdrawn in light of her failure to associate local counsel. Brett Avenriep was ordered to show cause as to whether he should be required to proceed in *pro per,* if the *pro hoc vice* application was withdrawn.[2] And Sundance Fence & Iron LLC was put on notice "that it will be facing an entry of default for

---

[2] Although this Order to Show Cause hearing ostensibly included Cassandra Avenriep, her voluntary dismissal from the case had already been effectuated on March 11, 2016. (ECF No. 15.)

failure to appear through an attorney if the *pro hoc vice* application is withdrawn and no attorney appears on its behalf." (ECF No. 33.)

At the hearing on June 27, the Court relieved Jennifer Gjesvold from representing the Defendants and gave Sundance Fence & Iron LLC 30 days to retain counsel and to respond to the Motion for Entry of Default. (ECF No. 41.) Mr. Avenriep, who appeared telephonically, was counseled that if Sundance Fence & Iron LLC did not retain an attorney within 30 days, default would be entered against it. *Id.*; *see also* CivLR 83.3(k) ("[C]orporations, partnerships and other legal entities may appear in court only through an attorney."); *United States v. High Country Broadcasting Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (noting that a corporation may appear in federal court only through counsel). Mr. Avenriep was also clearly told that if he did not file a response to the Motion to Strike Affirmative Defenses, that Motion would be granted as well. (ECF No. 41.)

On August 6, 2016, Plaintiffs filed a Notice of Settlement, indicating that the parties had "agreed to a settlement in principle" but requesting additional time to finalize and execute the settlement agreements. (ECF No. 48.) On August 8, 2016, the Court ordered that a Joint Motion for Dismissal was due by September 2, 2016, or the parties were ordered to a settlement disposition conference in front of the Magistrate Judge on September 6, 2016, if the Joint Motion for Dismissal was not filed. (ECF No. 49.)

On September 6, 2016, the Defendants failed to appear as ordered for the settlement disposition conference. (ECF No. 50). The Court then continued the settlement disposition conference to October 11, 2016 and ordered the parties to attend. (ECF No. 51.) Once, again, Defendants failed to appear for the settlement disposition conference. (ECF No. 52.)

## II. ANALYSIS

### A. Default Against Sundance Fence & Iron LLC

The Court may issue any just orders, including dismissal or default judgment

against a disobedient party, for failure to comply with the court's pretrial orders. *See TeleVideo Sys., Inc. v. Heidenthal,* 826 F.2d 915, 916 (9th Cir. 1987); Fed. R. Civ. P. 16(f), 37(b)(2)(A)(vi).  This is not a decision to be taken lightly, and the Court must ensure the defendant's due process rights are not violated.  At the same time, however, these inherent powers are "necessary to enable the judiciary to function." *Id*. at 916.  In considering whether to dismiss a case for failure to comply with a court order, relevant factors include: (1) the public's interest in expeditious resolution of the litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) public policy favoring disposition of the case on its merits; and (5) the availability of less drastic sanctions. *In re Phenylpropandamine (PPA) Prods Liab. Litig.,* 460 F.3d 1217, 1226 (9th Cir. 2006).

In this case, Defendants were notified first on May 9, 2016, that they must obtain local counsel within 30 days or face possible default.  (ECF No. 25.)  When no local counsel was forthcoming, the Court issued an Order to Show Cause and notified Sundance Fence & Iron LLC "that it will be facing an entry of default for failure to appear through an attorney if … no attorney appears on its behalf."  (ECF No. 33.)  At the hearing on June 27, the court once again informed Mr. Avenriep, who is alleged to be the sole member and registered agent of Sundance Fence & Iron LLC (Compl. ¶¶ 9-10), that if Sundance Fence & Iron LLC did not retain an attorney within 30 days, default would be entered against it.  (ECF No. 41.)  Since that time, the Magistrate Judge has made two attempts to get Mr. Avenriep to appear for settlement conferences but no one has appeared on behalf of either Defendant.  (ECF Nos. 50, 52.)  Mr. Avenriep has had ample notice for five months that the Court intended to issue a default if he failed to obtain a lawyer for Sundance Fence & Iron LLC.

Furthermore, at this point, both the Court's interest in moving this case forward and the public's interest in expeditious resolution of the litigation weigh in favor of entering default against Sundance Fence & Iron LLC.  The Court has repeatedly attempted to get Mr. Avenriep's attention, and can think of no alternative sanctions.

Sundance Fence & Iron LLC is unrepresented. It cannot appear in court without a lawyer, and it appears no lawyer is likely to be forthcoming on its behalf. Although public policy favors disposition of the case on the merits and prejudice will ensue to Sundance Fence & Iron LLC, on balance, the Court concludes that Sundance Fence & Iron LLC has abandoned the case, and, therefore, entry of default is appropriate.

### B. Motion to Strike Affirmative Defenses

Local Rule 7.1(f)(3)(C) directs that a failure to file opposing papers may constitute a consent to granting of the motion. A respondent's failure to follow a district court's local rules is a proper ground for granting the motion. *See Ghazali v. Moran,* 46 F.3d 52, 53 (9th Cir. 1995). Although pleadings by pro se litigants are construed liberally, those litigants are still bound by the Court's rules of procedure. *Id.* at 54.

In this case, Mr. Avenriep failed to file a response to Plaintiff's Motion to Strike Affirmative Defenses. The Court gave Mr. Avenriep additional time and warned him that if he did not respond, the Court would grant the motion. (ECF No. 41.) Furthermore, the Court has reviewed the Motion and agrees the conclusory affirmative defenses give plaintiff insufficient notice of the grounds for the defenses. Therefore, the Motion to Strike Affirmatives Defenses is GRANTED.

### III. CONCLUSION

Plaintiff's Motion for Entry of Default (ECF No. 32) is **GRANTED IN PART**. The Clerk is directed to enter default against Defendant Sundance Fence & Iron, LLC. The Motion is **DENIED IN PART** to the extent it requests entry of default against Brett Avenriep.

Plaintiff's Motion to Strike Affirmative Defenses (ECF No. 31) is **GRANTED**.

**IT IS SO ORDERED**.

**DATED: October 20, 2016**

Hon. Cynthia Bashant
United States District Judge